# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| ELAINE ROBICHAUD,<br><br>Plaintiff,<br><br>v.<br><br>COUTURE LOGISTIQUE, INC. and ALAIN RODRIGUE,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>Civil Action File No.<br><br>_____ |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, ELAINE ROBICHAUD, Plaintiff in the above-captioned action and files her Plaintiff's Complaint for Damages, and shows this honorable court the following:

1

## **PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Elaine Robichaud ("Plaintiff" or "Plaintiff Robichaud") is, and at all times relevant was, an individual residing in Jasper, Pickens County, Georgia, and is a citizen of the state of Georgia.

2.

Defendant Alain Rodrigue ("Defendant" or Defendant Rodrigue") is, and at all times relevant was, an individual residing at 499 5E Rang N. Saint-Victor, Quebec G0M2B0 and is a citizen of the nation of Canada.

3.

Defendant Rodrigue may be served with process pursuant to Fed. R. Civ. P. 4(f)(1) and the Hague Convention at his address at 499 5E Rang N. Saint-Victor, Quebec G0M 2B0, or wherever he may be found.

4.

When Defendant Rodrigue is served with copies of the Summons and Complaint in this matter, Defendant Rodrigue will be subject to the jurisdiction and venue of this Court.

5.

Defendant Couture Logistique, Inc. ("Defendant Couture") is a Canadian corporation with its principal place of business located at 99 Route 271 SUD St. Ephrem, PQ G0M 1R0.

6.

Defendant Couture may be served with process pursuant to Fed. R. Civ. P. 4(h)(2) and the Hague Convention or by serving their representative, Truck Process Agents of America, Inc. by delivering a copy of the complaint and summons to The Financial Integrity Group/Dawn Richardson, 410 E. Taylor St. Ste. G, Griffin, Georgia 30223. When Defendant Couture is served with copies of the Summons and Complaint in this matter, Defendant Couture will be subject to the jurisdiction and venue of this court.

7.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in Jasper, Pickens County, Georgia, which is located within this Court's District and with this Court's Division of this District.

## **FIRST CAUSE OF ACTION**

*Negligence of Defendant Alain Rodrigue*

9.

All allegations above are incorporated into this cause of action by reference.

10.

On or about June 5, 2019, Defendant Alain Rodrigue operated a tractor-trailer northbound on Georgia State Rd. 515, and then he crashed into the rear of Plaintiff Robichaud's vehicle in the right lane.

11.

Defendant Alain Rodrigue had a duty to operate his tractor-trailer safely and reasonably and maintain his lane of travel.

12.

Defendant Alain Rodrigue failed in the duties mentioned above and was, therefore, negligent.

13.

Defendant Alain Rodrigue's negligence was the direct and proximate cause of the injuries of Elaine Robichaud.

14.

Plaintiff demand should be awarded compensatory damages against Defendant Alain Rodrigue.

## **SECOND CAUSE OF ACTION**

*Statutory Violations of Alain Rodrigue*

15.

All allegations and causes of action above are incorporated into this cause of action by reference.

16.

Defendant Alain Rodrigue violated numerous state and federal statutes and regulations, including 49 C.F.R. §§350 to 399, specifically including, but not limited to, 49 C.F.R. §392.3 and 395.8:

a. Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. §383.111;

b. Failing to have required skills in vehicle operation in violation of 49 C.F.R. §383.113;

c. Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. §390.3;

d. Failing to operate his vehicle and equipment in violation of 49 C.F.R. §392.2;

e. Failing to operate his vehicle while fatigued in violation of 49 C.F.R. §392.3;

f. Following too close in violation of O.C.G.A. § 40-6-49; and

g. Other violations of Federal and State law and safety regulations.

17.

Defendant Alain Rodrigue's statutory violations directly and proximately caused Elaine Robichaud's injuries.

18.

Defendant Alain Rodrigue is negligent *per se* based on these statutory and regulatory violations.

19.

Plaintiffs demand compensatory damages against Defendant Alain Rodrigue.

## THIRD CAUSE OF ACTION

*Claim for Exemplary Damages against Alain Rodrigue*

20.

All allegations and causes of action above are incorporated into this cause of action by reference.

21.

Defendant Alain Rodrigue's actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for the rights and safety of Elaine Robichaud and the rest of the public.

22.

Defendant Alain Rodrigue's acts and omissions were with conscious indifference to others' rights, safety, or welfare. Plaintiffs demand exemplary or punitive damages against Defendant Alain Rodrigue.

## FOURTH CAUSE OF ACTION

*Vicarious Liability of Couture Logistique, Inc.*

23.

All allegations and causes of action above are incorporated into this cause of action by reference.

24.

Defendant Alain Rodrigue was the employee, agent, servant, or independent contractor for Defendant Couture Logistique, Inc. Accordingly, Defendant Couture Logistique, Inc. is vicariously liable for the acts of Defendant Alain Rodrigue for the causes of action above.

## **FIFTH CAUSE OF ACTION**

*Negligence of Couture Logistique, Inc.*

25.

All allegations and causes of action above are incorporated in this cause of action by reference.

26.

Defendant Couture Logistique, Inc. had a duty to act reasonably in hiring, training, supervising, and retaining Defendant Alain Rodrigue and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

27.

Defendant Couture Logistique, Inc. failed in the duties mentioned above and was therefore negligent.

28.

Defendant Couture Logistique, Inc.'s negligence was the direct and proximate cause of Plaintiff's injuries.

## **SIXTH CAUSE OF ACTION**

*Statutory Violations of Couture Logistique, Inc.*

29.

All allegations and causes of action above are incorporated into this cause of action by reference.

30.

Defendant Couture Logistique, Inc. violated and encouraged Defendant Alain Rodrigue to violate state and federal statutes and regulations, including but not limited to 49 C.F.R. §§350 to 399 (specifically including, but not limited to, 49 C.F.R. §392.3 and §395.8.) Defendant Couture Logistique, Inc.'s statutory violations directly and proximately caused Plaintiff's injuries.

31.

Defendant Couture Logistique, Inc. is negligent per se based on these statutory and regulatory violations.

## SEVENTH CAUSE OF ACTION

*Claim for Exemplary Damages against Couture Logistique, Inc.*

32.

All allegations and causes of action above are incorporated into this cause of action by reference.

33.

Defendant Couture Logistique, Inc.'s actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for Plaintiff's rights and safety and the rest of the public.

34.

Defendant Couture Logistique, Inc.'s acts and omissions were with conscious indifference to others' rights, safety, or welfare. Plaintiffs demand exemplary or punitive damages against Defendant Couture Logistique, Inc.

## JURY DEMAND

Plaintiff demands a jury for all triable issues.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000) for all causes of action above; including but not limited to:

A) The full value of past and future medical expenses in an amount to be proven at trial;

B) Past and future mental and physical pain and suffering and emotional distress in an amount to be determined in the enlightened conscience of a fair and impartial jury;

C) Exemplary damages against Defendants Couture Logistique, Inc. and Alain Rodrique;

D) Trial by jury;

E) and other relief as justice requires or as this Court or the trier of fact sees fit under principles of law and equity; plus interest and costs.

**WHEREFORE**, Plaintiff seeks judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000) for all causes of action above;

plus exemplary damages against Defendants Couture Logistique, Inc., and Alaine Rodrigue and other relief as justice requires or as this Court, or the trier of fact sees fit under principles of law and equity; plus interest and costs.

Respectfully submitted, this 8th day of March 2021.

**/s/ Jon R. Hawk**
Attorney Bar Number: 338645
Attorney for Elaine Robichaud
Morgan & Morgan, Atlanta PLLC
230 Northside Crossing
Macon, Georgia 31210
Telephone: (478) 583-6304
Email: jhawk@forthepeople.com